**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

NORMAN T. JOHNSON,              )
                                )
    Petitioner,                 )
                                )
v.                              )        Civil Action No.  3:13cv284–HEH
                                )
EDDIE PEARSON,                  )
                                )
    Respondent.                 )

**MEMORANDUM OPINION**
**(Granting Respondent's Motion to Dismiss)**

Norman T. Johnson, a Virginia inmate proceeding *pro se* and *in forma pauperis*,

filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition").

Respondent moves to dismiss the § 2254 Petition. Johnson has responded. The matter is

ripe for disposition. In his § 2254 Petition, Johnson argues entitlement to relief upon the

following grounds:[1]

Claim I(A)(1)      The Circuit Court violated Johnson's due process[2] rights by
                   accepting his guilty plea because the Circuit Court erred in
                   conducting an inadequate plea colloquy.

Claim I(A)(2)      The Circuit Court erred by allowing him to plead guilty to
                   robbery of a residence instead of bank robbery.

---

[1] On his § 2254 Petition form, Johnson labels his Claims as One through Four, however, in his attachment that provides the supporting argument for the claims, he uses a different, somewhat confusing numbering system consistent with his state petition. For ease of reference, the Court employs the numbering Johnson uses in the attachment to his § 2254 Petition for each claim.

[2] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

| Claim I(B) | The trial court erred in denying Johnson's motion to withdraw his guilty plea because "did not feel he was guilty." (§ 2254 Pet. 17.)[3] |
| Claim I(B)(1) | The Indictment was defective because it failed to allege the stolen property belonged to a victim. |
| Claim I(B)(2) | The Indictment failed to state a material element of the offense. |
| Claim I(B)(3) | The Circuit Court failed to amend the Indictment to allege bank robbery instead of robbery of a bank teller. |
| Claim II(A)(1) | Trial counsel rendered ineffective assistance[4] by not properly advising Johnson about his guilty plea. |
| Claim II(B) | Trial counsel rendered ineffective assistance by not preparing a defense and calling witnesses. |

As outlined below, the majority of Johnson's claims arise from Johnson's attempts to take advantage of immaterial clerical errors in the arrest warrant and in the order entering Johnson's guilty plea.

## I. PROCEDURAL HISTORY

A grand jury in the Circuit Court of the County of Dinwiddie, Virginia ("Circuit Court") charged Johnson with robbery under section 18.2–58 of the Virginia Code.[5] The Indictment provided that "[o]n or about July 14, 2009, Norman T. Johnson did unlawfully

---

[3] The Court employs the pagination assigned to Johnson's § 2254 Petition and attachments by the CM/ECF docketing system. The Court corrects the capitalization in the quotations from Johnson's submissions.

[4] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[5] "If any person commit robbery . . . by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever, he shall be guilty of a felony . . . ." Va. Code Ann. § 18.2–58 (West 2014).

2

and feloniously rob Chestney Simmons by assault or otherwise putting a person in fear of

serious bodily harm, in violation of § 18.2–58 . . . ." Indictment at 1, *Commonwealth v.*

*Johnson*, No. CR10000118–00 (Va. Cir. Ct. filed May 18, 2010).[6] On July 27, 2010,

after the Commonwealth recounted the factual basis to support a conviction for robbery

of Simmons, a bank teller, with a firearm, Johnson entered a plea of guilty to robbery

under section 18.2–58 of the Virginia Code. The August 24, 2010 order reflecting the

July 27, 2010 guilty plea, however, mistakenly listed the offense description as

"Robbery: Residence." *See Commonwealth v. Johnson*, No. CR10000118–00, at 1–2

(Va. Cir. Ct. Aug. 24, 2010). After pleading guilty, Johnson inundated the Circuit Court

with *pro se*, *ex parte* motions. On May 5, 2011, the Circuit Court entered final judgment,

sentencing Johnson to a twenty-year active term of incarceration. *See Commonwealth v.*

*Johnson*, No. CR10000118–00, at 1–2 (Va. Cir. Ct. May 5, 2011).

Counsel filed a petition for appeal arguing that the Circuit Court erred by not

allowing Johnson to withdraw his guilty plea based on the Circuit Court's clerical error in

the August 24, 2010 order. The Court of Appeals of Virginia denied the petition for

appeal and Johnson's separately filed *pro se* petition for appeal. *Johnson v.*

*Commonwealth*, No. 0668–11–2, at 1–3 (Va. Ct. App. Nov. 17, 2011). The Court of

Appeals of Virginia explained:

> Appellant argues the original warrant, upon which he was arrested,
> indicated a Virginia Crime Code of "ROB–1215–F9," the code for robbery
> in a residence. The indictment to which he pled guilty listed a Virginia
> Crime Code of "ROB–1211–F9," the code for robbery of a bank with a
> firearm. The Virginia Crime Codes are used for administrative purposes

---

[6] Johnson's original warrant for arrest listed the same charge and description, however, listed the Virginia administrative code for robbery of a residence instead of robbery of a bank.

only, as stated on the warrant, and do not render Indictments invalid for failure to include or correctly state the code. *See* Code § 19.2–226. Appellant was arraigned on the indictment on July 27, 2010, at which time he entered a plea of guilty. The Commonwealth summarized the evidence in support of conviction, clearly indicating the robbery occurred in a bank, with the threat of use of a firearm. At that time, appellant did not express any surprise or misunderstanding as to the nature of the charge or facts of the case. Appellant made no objection to the indictment or summary of evidence.

The indictment contained the correct Virginia Crime Code for the facts. Further, both the warrant and indictment contained reference to Virginia Code § 18.2–58, the governing statute, whether the robbery was in a residence or a bank. The face of the indictment named the bank teller and cited the proper Virginia Crime Code and controlling Virginia Code section. The indictment, coupled with the Commonwealth's proffer of evidence, provided sufficient information to put appellant on notice as to the nature of the offense. Appellant did not enter his plea under mistake of any material fact or misconception of the nature of the charge. Therefore, the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea.

*Id.* at 2. Johnson filed no appeal to the Supreme Court of Virginia.

On October 9, 2012, Johnson filed a petition for writ of habeas corpus in the Supreme Court of Virginia. Petition for Writ of Habeas Corpus 1, *Johnson v. Warden of the Greensville Corr. Ctr.*, No. 121702 (Va. Oct. 9, 2012). In his state petition, Johnson raised the same claims as in his instant § 2254 Petition.

By Order entered April 12, 2013, the Supreme Court of Virginia dismissed Johnson's habeas petition. *Johnson v. Warden of the Greensville Corr. Ctr.*, No. 121702, at 1–5 (Va. Apr. 12, 2013). The Supreme Court of Virginia found that Johnson defaulted Claim I(A)(1), I(A)(2) and I(B) under the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), because Johnson failed to raise these claims on direct appeal. *Id.* at 1–2. The Supreme Court of Virginia further found Claims I(B)(1), I(B)(2), and I(B)(3) were

foreclosed by Johnson's validly entered guilty plea. *Id.* at 2 (citing *Peyton v. King*, 169 S.E. 2d 569, 571 (Va. 2009)). Finally, the Supreme Court of Virginia found that Claims II(A)(1) and II(B), *inter alia*, lacked merit. *Id.* at 3–5

## II. EXHAUSTION AND PROCEDURAL DEFAULT

### A. Applicable Law

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "'opportunity'" to address the constitutional claims advanced on

federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* Fair presentation demands that a petitioner present "'both the operative facts and the controlling legal principles'" to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994, 995 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when he or she "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[7] The

---

[7] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

### B. Defaulted Claims

The Supreme Court of Virginia found Claims I(A)(1), I(A)(2), and I(B) barred from review because Johnson failed to raise the claims on direct appeal. *Johnson v. Warden of the Greensville Corr. Ctr.*, No. 121702, at 1–2 (Va. Apr. 12, 2013) (citing *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974)). Johnson filed no direct appeal to the Supreme Court of Virginia, thus, he failed to fairly present his claims to the Supreme Court of Virginia. *See Joyner v. Dir., Va. Dep't of Corr.*, No. 1:08cv626 (CMH/TCB), 2008 WL 3471847, at *4 (E.D. Va. Aug. 11, 2008). *Slayton* constitutes an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997). Thus, Johnson procedurally defaulted Claims I(A)(1) and I(A)(2), and I(B). Johnson fails to argue any cause and prejudice or miscarriage of justice, to excuse his default. Thus, Claims I(A)(1), I(A)(2), and I(B) are defaulted and barred from review here.

Moreover, Claims I(A)(1), I(A)(2), and I(B) also lack merit. For example, in a portion of Claim I(B), Johnson argues that the Circuit Court erred in denying his motion to withdraw his guilty plea because the Circuit Court "failed to explain the nature of the charge [Robbery of Residence] and failed to establish the factual basis of said charge"

and "he maintained his innocence of said conviction." (§ 2254 Pet. 16–17.) As previously discussed, on direct appeal, Johnson raised an argument that the Circuit Court should have allowed him to withdraw his guilty plea based on a clerical error in the original warrant which mistakenly listed an administrative code for robbery of a residence instead of robbery of a bank with a firearm. *See Johnson v. Commonwealth*, No. 0668–11–2, at 1–2 (Va. Ct. App. Nov. 17, 2011). The Indictment to which Johnson pled guilty listed the correct administrative code for robbery of a bank with a firearm and the warrant and the Indictment contained the proper Virginia Code section 18.2–58, the governing statute for robbery. *See* Indictment at 1, *Commonwealth v. Johnson*, No. CR10000118–00 (Va. Cir. Ct. May 18, 2010); *Johnson*, No. 0668–11–2, at 2. Moreover, at the guilty plea hearing, the Commonwealth summarized evidence of Johnson's overwhelming guilt of robbery of the bank teller with a firearm. (July 27, 2010 Tr. 3, 11–13); *see infra* Part IV. Contrary to Johnson's contentions, he clearly knew that he was pleading guilty to robbery of the bank teller with a firearm. Thus, the clerical error in the arrest warrant failed to make his guilty plea involuntary and failed to provide a valid reason to withdraw his guilty plea. *See* Johnson, No. 0668–11–2, at 2.

In Claims I(A)(1) and I(A)(2), Johnson argues that the Circuit Court erred in allowing Johnson to enter a guilty plea to "Robbery of a Residence" when no factual basis existed for the charge. (§ 2254 Pet. 16.) These claims lack merit as Johnson clearly knew that he was charged with and was pleading guilty to the robbery of a bank teller.

Claims I(A)(1), I(A)(2), and I(B) will be dismissed.

### III. THE APPLICABLE CONSTRAINTS UPON HABEAS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court emphasizes that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

### IV. CLAIMS BARRED BY VALIDLY ENTERED GUILTY PLEA

In Claims I(B)(1)–(3), Johnson argues that the Indictment failed to allege the stolen property belonged to a victim, failed to state an element of the offense, and the

9

Circuit Court failed to amend the Indictment to state robbery of a bank instead of a bank teller. Johnson identifies no violation of constitutional law in his claims. The trial court's alleged error provides no basis for federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state–law questions."); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (citing cases for the proposition that "federal habeas corpus relief does not lie for errors of state law"). For this reason alone, Claims I(B)(1)–(3) are subject to dismissal.

To the extent Johnson raises claims of constitutional dimension, the Supreme Court of Virginia found these claims "[were] barred because a voluntary and intelligent guilty plea waives all non-jurisdictional defenses antecedent to a guilty plea. *Peyton v. King*, 210 Va. 194, 196–97, 169 S.E.2d 569, 571 (1969)." *Johnson v. Warden of the Greensville Corr. Ctr.*, No. 121702, at 2 (Va. Apr. 12, 2013.) The Court discerns no unreasonable application of the law or an unreasonable determination of the facts in the Supreme Court of Virginia's rejection of these claims. *See* 28 U.S.C. § 2254(d)(1)–(2).

During the guilty plea hearing, Johnson agreed that he fully understood the charge against him, that he had gone over the charge and elements of proof with his attorney, and that he had had sufficient time to review the facts and circumstances of his case with his attorney. (July 27, 2010 Tr. 5–6.) Johnson agreed that he understood what the Commonwealth would need to prove to find him guilty. (July 27, 2010 Tr. 6.) Johnson agreed that he decided for himself to plead guilty, and that he entered into the guilty plea freely and voluntarily, and because he was in fact guilty of the crime charged. (July 27,

2010 Tr. 6–7.) Johnson also agreed that he understood that by pleading guilty he waived

the right to confront and cross-examine his accusers and defend himself. (July 27, 2010

Tr. 7–8.) Johnson agreed that by entering the guilty plea he "factually admitted . . . that

[he was] guilty." (July 27, 2010 Tr. 7.) Johnson agreed that no one had threatened him

or forced him to plead guilty or made promises about his guilty plea. (July 27, 2010 Tr.

8–9.) Johnson stated that he understood that he could be sentenced up to life

imprisonment. (July 27, 2010 Tr. 9.) The Circuit Court found the plea knowingly and

voluntarily made, and accepted the plea. (July 27, 2010 Tr. 11.) As a factual basis for

the plea, the Commonwealth explained

> [T]he Commonwealth's evidence would show that this defendant entered
> the Bank of Southside Virginia located in Carson, which is part of
> Dinwiddie County. He approached the counter where Chesney [sic]
> Simmons was the teller. He gave a note to her or he laid it on the counter.
> The note said $100 bills, two stacks. Don't move. Gun on hand, two
> money stacks, one hundred dollar bills, don't move, gun, bomb. The victim
> stated that she saw the defendant with his hands under his shirt. She
> believed he had a gun. She proceeded to gather the money and had gotten
> some amounts of the money before another employee began approaching
> her.
>
> At that point the defendant advised her just to give him what she
> had. The defendant then left the bank and ran to the vehicle. He was
> observed doing that by another employee who happened to be just a little
> bit late to work. And she observed him running, thought that was a little
> suspicious. She observed the vehicle he got into, got the license plate
> number. It was a black PT Cruiser. When she got into the bank she
> provided that license plate number to dispatch along with the description of
> the vehicle. The vehicle was stopped sometime later by deputies with the
> sheriff's office. At that point the defendant was in the vehicle in the
> passenger side and driving the vehicle was the defendant that was in court
> earlier today, Mr. Harper.
>
> At that point that vehicle was detained. At some point the teller was
> taken to the location where the defendant was. She identified the defendant
> as the bank robber, but she was also able to say that he had changed clothes
> since he had been in the vehicle. She described his clothes [and] his clothes

were identified from a surveillance tape. Those clothes, some of them, were later located in his residence along – and also located in the vehicle was a T-shirt that he was identified as wearing in the surveillance camera along with $560 of the money that was taken from the bank. There was DNA [testing] conducted that was his found on the white T shirt that was in the escape vehicle . . . .

(July 27, 2010 Tr. 11–13.) After the conclusion of the proffered evidence, counsel for Johnson agreed that Johnson accepted the evidence presented. (July 27, 2010 Tr. 13.) The Court found Johnson guilty of robbery. (July 27, 2010 Tr. 13.)

Because the record establishes that Johnson knowingly and voluntarily entered his guilty plea, Claims I(B)(1)–(3) are foreclosed from review here.

## V.    INEFFECTIVE ASSISTANCE OF COUNSEL

### A.    Applicable Law

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel

12

claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In the context of a guilty plea, the Supreme Court modified the second prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Any assertion by Johnson that he would not have pled guilty if he had received better assistance from counsel is not dispositive of the issue. *See United States v. Mora-Gomez*, 875 F. Supp. 1208, 1214 (E.D. Va. 1995).  Rather, "[t]his is an objective inquiry and [highly] dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (internal citation omitted) (citing *Hill*, 474 U.S. at 59–60). The Court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty. *See id.* at 369–70.  In conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Thus, "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) (citations omitted).

## B.    Claim II(A)(1)

In Claim II(A)(1), Johnson suggests that counsel "didn't file any motions,"
causing Johnson to enter into an "unintelligent plea." (§ 2254 Pet. 19.) In rejecting this
claim the Supreme Court of Virginia determined that "petitioner failed to offer a valid
reason why he should not be bound by his representation at trial that his counsel's
performance was adequate and that his guilty plea was voluntary and there is no evidence
identified by the petitioner that would support the contrary conclusion that the plea was
involuntary. *Anderson v. Warden*, 222 Va. 511, 516, 281 S.E.2d 885, 888 (1981)."
*Johnson v. Warden of the Greensville Corr. Ctr.*, No. 121702, at 3 (Va. Apr. 12, 2013.)
The Court discerns no unreasonable application of the law or an unreasonable
determination of the facts. *See* 28 U.S.C. § 2254(d)(1)–(2).

During his guilty plea, Johnson agreed that he had gone over the charge, elements
of proof, and had sufficient time to go over the facts and circumstances, and "the things
[Johnson] thought were important to [his] case." (July 27, 2010 Tr. 5–6.) Johnson
discussed "what plea to make," and agreed to plead guilty because he was indeed guilty
of the charge. (July 7, 2010 Tr.  6–7.) Moreover, while Johnson faults counsel for failing
to file "motions [not even a discovery motion]," (§ 2254 Pet. 19), he fails to provide
sufficient details regarding counsel's omissions so that a Court could find counsel acted
unreasonably.  Johnson identifies no pretrial motion that may have aided the defense.
Given that omission, Johnson fails to demonstrate that counsel acted deficiently or that
counsel's omissions prejudiced him.

Johnson also argues that counsel rendered ineffective assistance for failing "to notice that [Johnson's] plea to Robbery of a Residence" had no factual basis and for not objecting or moving for "constructive amendment." (§ 2254 Pet. 19–20.) In finding no deficiency or prejudice under *Strickland*, the Supreme Court of Virginia explained:

> The record, including the Indictment and trial transcript, demonstrates that petitioner was indicted for and pled guilty to the robbery of Chestney Simmons and that petitioner's plea was amply supported by the evidence, including Simmons' identification of petitioner as the individual who robbed her. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceeding would have been different. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

*Johnson*, No. 121702, at 3–4. The Court discerns no unreasonable application of the law or an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)–(2). As previously explained, Johnson clearly knew that he was pleading guilty to robbery of Chestney Simmons, a bank teller, during the guilty plea hearing on July 27, 2010. While the August 24, 2010 order accepting the guilty plea mistakenly lists the offense as robbery of a residence, instead of robbery of a bank with a firearm, this mistake could have no impact on Johnson's decision to plead guilty one month prior. Thus, Johnson fails to demonstrate any prejudice from counsel's purported error. Claim I(A)(1) will be dismissed.

**B.     Claim II(B)**

In Claim II(B), Johnson faults counsel for not preparing a defense and calling a witness "in light of the prosecution's weak case." (§ 2254 Pet. 21.) Johnson claims that, had counsel called Chestney Simmons to testify, "he would have been able to prove that

15

said witness had no ownership of stolen currency, a necessary requisite to satisfy robbery." (*Id.*)

In rejecting the portion of the claim that counsel failed to prepare a defense, the Supreme Court of Virginia determined that "petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate." *Johnson*, No. 121702, at 4 (citing *Anderson*, 281 S.E.2d at 888). The Court discerns no unreasonable application of the law or an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)–(2). Johnson agreed that he had discussed his case with his attorney to his satisfaction prior to entering the guilty plea, and agreed to plead guilty because he was indeed guilty of the charge. (July 7, 2010 Tr. 5–7.) Additionally, while Johnson faults counsel for failing to prepare a defense, he fails to provide sufficient details regarding counsel's omissions so that a Court could find counsel acted unreasonably. In light of the overwhelming evidence of Johnson's guilt of robbery, and given Johnson's lack of detail about what defense strategy counsel omitted, Johnson fails to demonstrate that counsel acted deficiently or that counsel's omissions prejudiced him.

The Supreme Court also rejected the argument that counsel erroneously failed to call Chestney Simmons to testify that she had no ownership over the stolen money. *Johnson*, No. 121702, at 4–5. In finding no deficiency or resulting prejudice under *Strickland*, the Supreme Court of Virginia explained:

> "In the commission of robbery the property must be taken by force and violence, not necessarily from the owner, but from any person in possession thereof whose right of possession is superior to that of the robber." *Johnson v. Commonwealth*, 215 Va. 495, 496, 211 S.E.2d 71, 72 (1975). Counsel did not misadvise petitioner by informing him of this principle.

16

> Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonably probability that, but for counsel's errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different. *Hill*, 474 U.S. at 59.

*Johnson*, No. 121702, at 4–5.  Given that the resolution of Johnson's claim of ineffective assistance of counsel is highly dependent upon Virginia law, Johnson fails to demonstrate prejudice. *Richardson v. Branker*, 668 F.3d 128, 141 (4th Cir. 2012) ("When a claim of ineffective assistance of counsel raised in a habeas corpus petition involves an issue unique to state law . . . a federal court should be especially differential to a state post-conviction court's interpretation of its own state's law.").  Moreover, counsel reasonably eschewed calling Chestney Simmons to "testify" because Johnson chose to plead guilty to robbery, thus, counsel had no opportunity to call witnesses or present a defense case. Because Johnson fails to demonstrate deficiency or prejudice, Claim II(B) will be dismissed.

## VI.   CONCLUSION

Respondent's Motion to Dismiss (ECF No. 12) will be granted.  The § 2254 Petition will be denied.  The action will be dismissed.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(A).  A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition

17

should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  Johnson fails to meet this standard.  Accordingly, the Court will deny a certificate of appealability.

An appropriate order will accompany this Memorandum Opinion.

/s/

HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Aug 12, 2014
Richmond, Virginia

18